# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AHADI ABU-AL MUHAMMAD AKA ONOFRE SERRANO,<br><br>    Petitioner,<br><br>v.<br><br>ALEX VILLANUEVA,<br><br>    Respondent. | No. CV 22-4574-VBF (PLA)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

On June 30, 2022, Ahadi Abu-al Muhammad ("petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (See Docket No. 1). In the Petition, he raises four claims, contending that the Los Angeles County Superior Court lacks jurisdiction over him. (Petition at 3-4).

**A.  BACKGROUND**

Here, although not entirely clear, petitioner seems to be a pre-trial detainee incarcerated at the Los Angeles County Jail, awaiting his state court trial on attempted murder (Cal. Pen. Code §§ 664/187) and assault with a deadly weapon charges (Cal. Pen. Code § 245).[1] (See Petition

---

[1] State court pre-trial detainees "may avail themselves of habeas relief under § 2241(a) and
(continued...)

at 2). Although he indicates that he was sentenced on August 9, 2021, he fails to state what sentence was imposed and whether he was convicted after pleading guilty or after a jury trial. (Id.). Further, all of his constitutional claims assert error in pre-trial proceedings, such as the denial of "OR release," denial of "ex parte applications for funds," and Fourth Amendment violations. (Id. at 3-4). Finally, a check of the Los Angeles County Sheriff's Department website indicates that he is being held in the Men's Central Jail on $1.125 million bail with a pending pretrial conference in the superior court. (See LASD Inmate Information Locator, https://app5.lasd.org/iic (Case No. NA11552001)). Thus, it appears that he is currently in custody awaiting trial and not a convicted and sentenced state prisoner.

**B.    YOUNGER ABSTENTION APPEARS WARRANTED**

Because petitioner's state court criminal proceedings appear to be ongoing and there has been no state court judgment, the Younger abstention doctrine is implicated. Under Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), federal courts are generally prohibited from interfering in ongoing state criminal prosecutions. Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021). Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise constitutional challenges; and (4) the requested relief seeks to enjoin ongoing state judicial proceedings. Page v. King, 932 F.3d 898, 901-02 (9th Cir. 2019); Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018).

Here, petitioner's filing appears to satisfy the four Younger abstention requirements. Petitioner is awaiting trial on two felony counts (attempted murder and assault with a deadly weapon), which implicate important state interests in prosecuting individuals charged with violating its laws. Additionally, petitioner has an adequate opportunity to raise any federal constitutional

---

[1](...continued)
(c)(3) without regard to the additional requirements imposed on petitions under § 2254." Dominguez v. Kernan, 906 F.3d 1127, 1136 (9th Cir. 2018); see also Stow v. Murashige, 389 F.3d 880, 886 (2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment -- for example, a defendant in pre-trial detention or awaiting extradition.") (internal quotation marks omitted).

2

challenges in state court,[2] and granting the petition would have the practical effect of enjoining the state criminal proceedings. Finally, petitioner presents no other facts in the Petition that would justify an exception to Younger abstention. See Bean, 986 F.3d at 1133 (holding that federal courts should not invoke Younger "if there is a showing of bad faith, harassment, or some other extraordinary circumstance" that would cause "irreparable harm" to the pre-trial detainee). Therefore, because the state court proceedings are still ongoing it appears it would be premature for the Court to consider the Petition.

**C.    ORDER**

Accordingly, **no later than August 10, 2022**, petitioner is **ORDERED TO SHOW CAUSE**, by filing a written response to this Order, setting forth any valid legal and/or factual reasons why the Petition should not be dismissed without prejudice pursuant to the Younger abstention doctrine.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice pursuant to the Younger abstention doctrine, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

/
/
/
/
/

---

[2]   In fact, the public records of the California appellate courts indicate that petitioner has filed numerous challenges to the state court proceedings. (California Court of Appeal Case Nos. B316472, B316474, B317541 and the California Supreme Court Case Nos. S272461, S272474, S273603), all of which were denied. (See https://appellatecases.courtinfo.ca.gov).

1    Petitioner is advised that his failure to timely respond to this Order, as set forth herein, will
2  result in this action being dismissed for the reasons explained above, as well as for failure to
3  prosecute and comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b).

5  DATED: July __14__, 2022                    /S/
                                     _____
6                                           PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE